No. 983

NUSSBAUM, Admr. v. BEAM, Admr.

Ohio Appeals, 9th Dist., Wayne Co.

No. 818. Decided May 26, 1926

615. HUSBAND AND WIFE—1. Where parties agree to marry on the condition that the husband will pay the wife $1200; and a non-transferable note for $1200 payable after his death is given "as per the marriage contract," the terms of the contract are given controlling consideration as both note and contract must be taken together since the note is not an independent, unconditional and unqualified promise.

2. Where from the two instruments it appears that the note is not transferable, and must be "surrendered after my death to my executor or administrator," the conclusion reached is that the intention of the parties was that the $1200 was payable only in the event the wife survived the husband.

3. When the wife pre-deceases the husband, her administrator cannot assert a claim against the estate of the husband.

WASHBURN, J.

On June 5, 1913, Sarah Hursh, a widow of 59 years of age and Fred Nussbaum, a widower of 72 years of age, entered into a contract whereby Sarah Hursh agreed to marry Nussbaum on the condition that he will to her $1200 for which amount she received a promissory note.

At that time, Nussbaum delivered to Sarah Hursh a $1200 note, the same not to bear interest and not to be transferable and to be delivered to Nussbaum's administrator after his death. The parties were married and each performed under the marriage agreement until the death of the wife in 1922. Nussbaum died testate on May 20, 1925.

The administrator of Sarah Nussbaum claimed $1100 from the administrator of Fredrick Nussbaum, $100 having been paid on the note in 1916. The claim was refused and suit was brought in the Wayne Common Pleas to recover this amount. The court sitting as a jury, rendered judgment in favor of Sarah Nussbaum's administrator for $1100. Error was prosecuted and the Court of Appeals held:

1. The paper denominated a note, is not a negotiable promissory note.

2. The so called note and the marriage agreement refer, each to the other, and in construing them together, other provisions of the marriage contract must be taken into consideration.

3. In that contract Nussbaum was to pay his wife $10 per month for wearing apparel, etc., he further agreeing that in case of disability and upon his becoming a charge upon his wife, she was to receive two dollars per day during such disability.

4. It was also agreed that he give her all his household furniture; that either would not claim any interest in the property of the other; and that neither of them should be liable for debts contracted by the other.

5. The promise to pay in the "note" is limited to payment "as per marriage contract," and this stipulation should be given controlling consideration.

6. The promise in the note was not an unqualified, unconditional and independent prom-

ise, but said note merely incorporated the promise contained in the marriage agreement.

7. Nussbaum agreed to will his wife $1200 and to protect her in case he failed to make the will, he signed a note promising to pay the same $1200; but he made it payable after his death and by making it non-transferable, he meant to pay her only, that is, pay her if she survived, as though the provision to make a will had been carried out.

8. The fact that the note was to be presented to his administrator, and not being transferable, raises the inference that it must be presented by her; and she could do so only in the event she survived him.

9. If he had died first leaving $1200 for her by the will, she could not have recovered on the note; and if he had made a will only, in which $1200 was bequeathed to her and she died first, the gift would have lapsed. 76 OS. 443.

Judgment therefore reversed and cause remanded.

(Pardee, PJ., & Funk, J., concur.)

Attorneys—Daniel C. Funk for Nussbaum; C. A. Weiser for Beam; both of Wooster.